MASK *v.* TOWN OF PONTOTOC.*

(Division ·A. Nov. 12, 1928. Suggestion of Error Overruled Dec. 10, 1928.)

[119 So. 156. No. 27471.]

---

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 3081, p. 1306, n. 89; 17CJ, section 3571, p. 226, n. 77.

*Gore & Gore,* for appellant.

*J. B. Fontaine,* for appellee.

Cook, J. Appellant, Bryant Mask, was convicted in the circuit court of Pontotoc county on a charge of unlawfully having in his possession intoxicating liquor, in violation of an ordinance of the town of Pontotoc, and was sentenced to pay a fine of one hundred dollars and all costs and to serve a term of thirty days in the town jail, and was ordered into the custody of the sheriff until the fine and costs were paid and the jail sentence served; and

from this conviction and sentence this appeal was prosecuted.

The appellant first contends that the action of the court below in sentencing him to pay a fine of one hundred dollars and to serve a term of thirty days in jail was erroneous, for the reason that no ordinance prescribing a penalty for the offense charged in the affidavit was introduced in evidence.

At the beginning of the trial, an agreement was entered of record that:

"At the time of the alleged commission of the offense and since that time and now there was, has been, and is, a valid and subsisting ordinance against the offense charged in the affidavit, and that same may be considered as introduced in evidence without the production of same in evidence, and considered as fully proved according to law."

Section 3410, Code 1906 (section 6956, Hemingway's 1927 Code), provides that:

"All offenses under the penal laws of the state amounting to a misdemeanor shall, when so provided by a general ordinance of the municipality, also be offenses against the city, town or village in whose corporate limits the offense may have been committed to the same effect as though such offenses were made offenses against the city, town or village by separate ordinance in each case, and upon conviction thereof the same punishment shall be imposed by the city, town or village as is provided by the laws of the state with regard to such offenses against the state not in excess of the maximum penalty which may be imposed by municipal corporation;"— while section 3348, Code 1906 (section 6784, Hemingway's 1927 Code), provides that municipalities may enforce their ordinances by a fine of not exceeding one hundred dollars, or imprisonment not exceeding thirty days, or both. Under this agreement the court below was fully authorized to examine and consider the said ordi-

nance and to impose the penalty prescribed thereby, if it was a special one; or to impose the penalty prescribed by the state law in regard to the offense, not in excess of a fine of one hundred dollars and imprisonment for thirty days, if the ordinance was a general one making all offenses under the penal laws of the state amounting to a misdemeanor offenses against the municipality. With this ordinance in evidence and before the court for consideration, by agreement, the presumption in favor of the correctness of the judgment fixing the penalty will prevail.

The appellant next contends that the testimony is insufficient to support the verdict, and that the court below committed error in failing to instruct the jury to return a verdict of not guilty. There is no merit in this contention. The testimony offered by the town fully supports the verdict; and the conflicting testimony in the record was submitted to the jury under instructions properly announcing the legal principles applicable.

Finally, the appellant contends that the court below erred in ordering him into the custody of the sheriff until the fine and costs were paid, and the sentence of thirty days served. This provision in the judgment is manifestly erroneous. The judgment correctly ordered that the imprisonment imposed should be served in the town jail; and the judgment of the court will be reversed in so far as it ordered the appellant into the custody of the sheriff until the fine and all costs were paid and the sentence served. In all other respects it will be affirmed.

*Reversed in part and affirmed in part.*