GAGE *v.* STATE, et al.

Dec. 14, 1953

No. 38936          46 Adv. S. 61          68 So. 2d 417

*W. M. Broome,* Crystal Springs, for appellant.

*John E. Stone,* Asst. Atty. Gen., Jackson, for appellee.

HALL, J.

This appeal involves two cases which have been consolidated for hearing. One is a proceeding by the State for revocation of a suspended sentence and the other

is a like proceeding by the City of Crystal Springs. One case originated in a justice of the peace court and the other in city court. Both resulted in conviction on charges of possession of intoxicating liquor and both were appealed to the circuit court where on February 27, 1952, appellant entered a plea of guilty in each case. In the State case he was sentenced to pay a fine of $200 and costs and to serve thirty days on the county farm; the sentence to the county farm was suspended for a period of one year upon good behavior. In the city·case he was sentenced to pay a fine of $100 and costs and to serve thirty days on the county farm; the sentence to the county farm was likewise suspended for a period of one year on good behavior.

On February 11, 1953, a petition was filed to revoke both suspended sentences upon the ground that appellant had been charged with the unlawful possession of intoxicating liquor on January 2, 1953, and had entered a plea of guilty to said charge in a justice of the peace court and had been sentenced to pay a fine of $200 and costs. Citation was issued to appellant and he appeared and answered the petition, following which a hearing was had before the circuit court. In each case an order was entered finding that the money fine and costs had been paid, but that the terms and conditions of the suspended sentence had been violated, and the suspensions were revoked and appellant required to serve the sentences. The court found as a fact that at the time of the original sentences there was a county farm in the county, but that the same has since been sold by the board of supervisors (which sale is authorized by Chapter 312, Laws of 1946, Section 7901-01 Supplement to Code of 1942) and accordingly in an oral opinion of the court appellant was committed to the county jail to serve the sentences, but in the orders entered upon the minutes of the court appellant was committed to the custody of the sheriff to serve the sentences ''as by law provided.''

Appellant contends that the orders of commitment are void in each case because they do not specifically change the place of confinement from the county farm to the county jail.

We shall deal first with the prosecution by the State and we can do no better than adopt the reasoning of the learned circuit judge in his oral opinion delivered in the case. It is of slight consequence whether appellant is incarcerated in the county jail or on the county farm. The gravamen of the sentence is that he be deprived of his liberty for a definite period of time. The court has no authority to prevent a sale of the county farm but did have authority to commit the prisoner to the county jail and did have that authority after sale of the county farm because the board of supervisors, by a sale of the county farm, could not nullify a circuit court order sentencing a prisoner to incarceration. For these reasons we find no error in the action of the lower court in the prosecution by the State.

In the prosecution by the City of Crystal Springs the order provided that appellant be committed to the sheriff of the county to serve his sentence of imprisonment. In the case of Mask v. Town of Pontotoc, 152 Miss. 148, 119 So. 156, it was held that when a circuit court sentences a defendant on appeal from a municipal court for violation of a municipal ordinance, the judgment should be that the imprisonment imposed should be served in the municipal jail and that the prisoner should not be committed to the custody of the sheriff of the county. The evidence in the case at bar fully supports the action of the lower court in revoking the suspension of sentence and there was no error in the judgment in that respect, but it was error in the city case to commit the prisoner to the custody of the sheriff. The judgment should be that his imprisonment for thirty days be served in the city jail. By Section 3428, Code of 1942, municipalities are authorized to construct and maintain municipal

prisons and to regulate the keeping of the same and the prisoners therein, and, in lieu thereof, the municipality may contract with the board of supervisors for use of the county jail by it. The record is silent in this case as to whether the City of Crystal Springs has a municipal jail or whether it has contracted with the board of supervisors for use of the county jail by it, but, in either event, the sentence should be for imprisonment in the city jail. If there be no city jail, then appellant may be confined in the county jail under that sentence, provided the city has contracted with the board of supervisors for use of the county jail pursuant to said Section 3428. The judgment in the city case will, therefore, be affirmed in all respects except as to that part imposing the sentence, and it will be reversed and remanded to the trial court for imposition of a proper sentence.

The judgment in the State case is affirmed.

Affirmed in part and reversed and remanded in part for a proper sentence.

*Roberds, P. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.